UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------x

In re: MASSMUTUAL FINANCIAL GROUP and
MML INVESTORS SERVICES, INC.

Miscellaneous Business Docket
No.: _____

**05MBD 10172**

------------------------------x


------------------------------x

YECHOUDA EINHORN, SARAH MANDEL,
DAVID LEBOVITZ, SIDNEY REISS,
ABRAHAM PASKESZ, ISAAC LEBOVITZ and
BERNARD MOSKOVITS,

      Plaintiffs,
vs.

METROPOLITAN LIFE INSURANCE
COMPANY,
      Defendant.

------------------------------x

Related Foreign Case
Civil Action No.: 03-CIV-08396 (KMK)

United States District Court
Southern District of New York

---

**MEMORANDUM OF LAW IN SUPPORT OF METROPOLITAN LIFE
INSURANCE COMPANY'S MOTION TO ENFORCE SUBPOENAS**

---

PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, Massachusetts 02110
(617) 526-9600
Attorneys for Metropolitan Life Insurance
Company

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

LEGAL ARGUMENT ......................................................................................................... 4

    I.   MASSMUTUAL SHOULD BE COMPELLED TO PRODUCE THE SUBPOENAED DOCUMENTS AS IT HAS WAIVED ANY ABILITY TO CLAIM PRIVILEGE AND/OR ATTORNEY WORK-PRODUCT. ........................................................... 4

    II.  ALTERNATIVELY, MASSMUTUAL SHOULD BE COMPELLED TO PRODUCE AN APPROPRIATE PRIVILEGE LOG. ...................................................................... 5

CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

### CASES

*American Savings Bank, FSB v. UBS Painewebber, Inc.*,
   M8-85, 2002 U.S. Dist. LEXIS 24102 (S.D.N.Y. Dec. 16, 2002) .......... 6

*Condon v. Stephan Machinery Corp.*,
   No. 90 Civ. 0283, 1990 U.S. Dist. LEXIS 7357 (S.D.N.Y. June 18, 1990) .......... 6

*In re: Application for Subpoena to Michael I. Kroll*,
   224 F.R.D. 326 (E.D.N.Y. 2004) .......... 6

*In re Grand Jury Subpoena*,
   274 F.3d 563 (1st Cir. 2001) .......... 4

### STATUTES

Fed. R. Civ. P. 45(d)(2) .......... 4

S.D.N.Y. Local Civ. R. 26.2 .......... 6

## PRELIMINARY STATEMENT

Metropolitan Life Insurance Company ("MetLife"), pursuant to Federal Rules of Civil Procedure 37 and 45 and Local Rule 37.1, moves this Court for the entry of an Order to enforce subpoenas issued in connection with a related case pending before the United States District Court of the Southern District of New York, compelling non-parties MassMutual Financial Group ("MassMutual") and MML Investors Services, Inc. ("MMLISI") to produce documents.

The subpoenas at issue in this matter stem from a related lawsuit entitled *Yechouda Einhorn, et al. v. Metropolitan Life Insurance Company*, Civil Action No. 03-CIV-08396 (KMK). In *Einhorn*, Plaintiffs allege that they were discriminated against by MetLife on the basis of their religion (Hasidic Jews). (Holinstat Decl. ¶ 3)[1] Specifically, the *Einhorn* Plaintiffs allege that MetLife conducted an audit of their sales practices as MetLife employees solely because they were Hasidic Jews and made discriminatory disciplinary decisions based on the results of the audit. (*Id.*) During discovery, MetLife learned that some of the Plaintiffs were subsequently employed by MassMutual, and that MassMutual also investigated Plaintiffs' sales practices. (*Id.* at ¶ 4) In support of their allegations that the audit was discriminatory, Plaintiffs have contended that MassMutual's investigation "cleared" them of any wrongdoing. (*Id.*)

In an attempt to defend against this allegation, MetLife served MassMutual and its broker-dealer MMLISI, with non-party subpoenas seeking production of documents relating to its investigation of Plaintiffs. (*Id.* at ¶¶ 5-6) MassMutual, on behalf of itself and MMLISI, however, refused to produce any documents relating to the investigation because said investigation was conducted at the direction of MassMutual's legal department, and is therefore privileged and/or constitutes attorney work-product. (*Id.* at ¶ 8) Furthermore, despite MetLife's

---

[1] References to the Declaration of Steven H. Holinstat are cited herein as "(Holinstat Decl. ¶ ___)."

repeated requests, MassMutual has refused to produce an appropriate privilege log identifying documents related to its investigation which would permit MetLife to adequately challenge the privilege or work-product designation of the withheld certain documents. (*Id.* at ¶ 11; Lamparello Decl. ¶¶ 5-8)[2] Due to MassMutual's refusal to produce any documents related to its investigation or at the very least an appropriate privilege log, MetLife respectfully requests that the Court issue an Order enforcing the subpoenas compelling MassMutual to produce responsive documents.

## STATEMENT OF FACTS

On or about February 18, 2005, MetLife properly and duly served subpoenas, issued from the District of Massachusetts, on MassMutual and its broker-dealer MMLISI, seeking documents concerning the *Einhorn* Plaintiffs' employment with MassMutual, as well as all documents concerning any "internal or external investigation of any of the Plaintiffs." (Holinstat Decl. ¶¶ 5-6, Exs. A & B) On or about March 17, 2005, MassMutual[3] produced certain responsive documents relating to Plaintiffs' employment, however, it asserted a blanket objection to producing any documents concerning its internal investigation of Plaintiffs. (*Id.* at ¶¶ 7- 8, Ex. C) Specifically, MassMutual objected "on the basis of attorney-client privilege or attorney work-product, to producing any documents 'concerning,' as that term is defined in the 'Definitions' of the Subpoena, a certain investigation conducted under the supervision and control of the MassMutual Legal Department into the sales activities of some of the named Plaintiffs while acting as agents or brokers of MassMutual to the extent that this investigation

---

[2] References to the Declaration of Patrick J. Lamparello are cited herein as "(Lamparello Decl. ¶ ___)."

[3] MassMutual responded to the subpoenas on behalf of itself and MMLISI. (Holinstat Decl. ¶ 7, Ex. C)

2

encompassed 'complaints by customers, co-workers or management and the resolution thereof.'" (*Id.* at ¶ 8, Ex. C)

On or about March 29, 2005, counsel for MetLife contacted MassMutual's attorney to discuss whether MassMutual would produce any documents concerning its investigation of Plaintiffs. (*Id.* at ¶ 9) MetLife's counsel further explained that MetLife was seeking such documents to defend against Plaintiffs' allegations that MassMutual's investigation had "cleared" them of any wrongdoing. (*Id.*) MassMutual responded that the investigation was conducted under the supervision and control of its legal department and all such documents were protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. (*Id.* at ¶ 10) Although MetLife requested that MassMutual reconsider their refusal to produce documents, MassMutual never responded to such request. (*Id.*) In a further good faith attempt to resolve this dispute, MetLife's counsel subsequently left a voicemail message for MassMutual's attorney requesting the production of an appropriate privilege log pursuant to Fed. R. Civ. P. 45(d)(2) describing the documents and the basis on which they are being withheld. (*Id.* at ¶ 11) MassMutual's counsel did not respond to this request. (*Id.* at ¶ 12)

After MassMutual's failure to respond to MetLife's request for a privilege log, counsel for MetLife, on or about April 6, 2005, again contacted MassMutual to request the production of the investigation documents. (Lamparello Decl. ¶ 4) During this telephone conversation, MetLife's counsel repeated its request for production of MassMutual's investigation documents, and, in the alternative, reiterated the necessity of a privilege log. (*Id.* at ¶ 5) MassMutual initially objected to producing a privilege log claiming that the investigation file was very large and that it had sufficiently identified the withheld documents. (*Id.*) MetLife's counsel again explained that a privilege log was required pursuant to Fed R. Civ. P. 45(d)(2) and necessary to

3

permit MetLife to challenge the privilege or work-product designation for certain documents. (*Id.* at ¶¶ 6-7) On or about April 7, 2005, MassMutual advised MetLife that it would not produce the requested investigation documents, that it did not believe a privilege log was necessary under the Federal Rules and that MetLife should file the appropriate motion to compel if it disagreed with MassMutual's position. (*Id.* at ¶¶ 8-9)

## LEGAL ARGUMENT

### I. MASSMUTUAL SHOULD BE COMPELLED TO PRODUCE THE SUBPOENAED DOCUMENTS AS IT HAS WAIVED ANY ABILITY TO CLAIM PRIVILEGE AND/OR ATTORNEY WORK-PRODUCT.

The Court should enforce MetLife's subpoena and compel MassMutual to produce documents concerning its investigation of Plaintiffs because MassMutual has waived the attorney-client and attorney work-product privilege because it has refused to produce a privilege log in accordance with Fed. R. Civ. P. 45(d)(2). *See In re Grand Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001) (finding that subpoenaed party, although seeking to quash a subpoena because the sought after documents were allegedly privileged, waived privilege claims by failing to produce a privilege log as required by Fed. R. Civ. P. 45(d)(2)). Federal Rule of Civil Procedure 45(d)(2) requires that, when a party responding to a subpoena refuses to produce documents based on a claim of privilege or attorney work-product, the party must support their position with "a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Despite MetLife's repeated requests, MassMutual has refused to provide MetLife with a privilege log. Indeed, notwithstanding the clear language of Fed. R. Civ. P. 45(d)(2), MassMutual's counsel contends that MassMutual is not required to produce a privilege log at all. (*See* Lamparello Decl. ¶ 8)

4

MassMutual's blanket assertion of privilege or work-product protection to its entire investigation file, and refusal to provide a privilege log, clearly violates Fed. R. Civ. P. 45(d)(2). Indeed, MassMutual's unreasonable conduct has prevented MetLife from adequately challenging the alleged privileged nature of the subpoenaed documents. The mere fact that the investigation was performed under the supervision of their legal department does not automatically attach the attorney-client privilege to each and every document arising out of the investigation.[4]

The Court should not condone MassMutual's refusal to comply with Fed. R. Civ. P. 45(d)(2). Rather, the Court should determine that MassMutual waived its ability to assert claims of attorney-client privilege and attorney work-product protection and compel MassMutual to produce all documents concerning its investigation of Plaintiffs' sales practices.

## II. ALTERNATIVELY, MASSMUTUAL SHOULD BE COMPELLED TO PRODUCE AN APPROPRIATE PRIVILEGE LOG.

In the alternative, pursuant to Fed. R. Civ. P. 45(d)(2), the Court should order MassMutual to produce a privilege log identifying all withheld documents concerning its investigation of Plaintiffs' sales practices as MassMutual agents so that MetLife may be permitted to challenge the applicability of the attorney-client privilege or the attorney work-product doctrine to specific, individual documents. Although it does not appear that courts in the First Circuit have addressed this issue, the law of the Second Circuit, where the related matter is pending, is clear. Subpoenaed non-parties may not circumvent the requirements of Fed. R. Civ. P. 45(d)(2) by asserting a blanket claim of privilege. Rather, the courts have universally required

---

[4] MassMutual cannot reasonably contend that all documents contained in its investigation are privileged or protected by attorney-work product. MetLife had served a similar subpoena on John Hancock Life Insurance Company ("John Hancock"). Within the documents produced by John Hancock were communications with MassMutual concerning its investigation into Plaintiffs' sales activities and requesting information from John Hancock regarding Plaintiffs. (*See* Lamparello Decl. ¶¶ 10-11, Ex. A) This unquestionably evidences that not all documents contained in MassMutual's investigation file are privileged.

5

such parties to respond to the subpoena and to specifically identify any withheld documents in a privilege log.[5] *See In re: Application for Subpoena to Michael I. Kroll*, 224 F.R.D. 326, 329 (E.D.N.Y. 2004) (holding that third-party's "blanket statement that all 12 requests in the subpoena seek privileged information is insufficient to prove the essential elements of the attorney-client privilege" and stating that the "refusal to prepare and reveal a privilege log as required under Fed. R. Civ. P. 45(d)(2) effectively deprived the Court of the ability to determine whether the documents requested in the subpoena are protected by a privilege."); *American Savings Bank, FSB v. UBS Painewebber, Inc.*, M8-85, 2002 U.S. Dist. LEXIS 24102, at *4 (S.D.N.Y. Dec. 16, 2002)[6] (holding that third-party's "wholesale refusal to produce a [privilege] log and assertion of a blanket privilege [was] an unreasonable course of action."); *Condon v. Stephan Machinery Corp.*, No. 90 Civ. 0283, 1990 U.S. Dist. LEXIS 7357, at *8-9 (S.D.N.Y. June 18, 1990) (ordering third-party to index and describe all documents withheld as privileged and provide "a summary of the reason or reasons why it believes each document is immunized" from production).

The Court should not be persuaded by MassMutual's inevitable argument that producing a privilege log would be overly burdensome. The purpose of Fed. R. Civ. P. 45(d)(2) and the creation of a privilege log is to dissuade parties from "haphazardly" asserting the privilege against production. *See American Savings Bank, FSB*, 2002 U.S. Dist. LEXIS 24102, at *6 (stating that "the burdensome nature of producing the [privilege] log deters parties from asserting the privilege haphazardly.") Therefore, the Court should order MassMutual to prepare a

---

[5] At the very least, MassMutual should be required to produce a privilege log identifying for each withheld document: (i) the type of document; (ii) the general subject matter of the document; (ii) the date of the document; and (iv) and other identifying information, such as the author, addressees and other recipients of the document. *See* S.D.N.Y. Local Civ. R. 26.2.

[6] Cases with LEXIS citations only are attached as Exhibit B to the Lamparello Declaration.

6

privilege log, which comports with the requirements of Fed. R. Civ. P. 45(d)(2), detailing the documents concerning its investigation of Plaintiffs' sales practices which were withheld from production as privileged or constituting attorney work-product.[7]

## CONCLUSION

For the foregoing reasons, MassMutual should be ordered to comply with MetLife's subpoena and produce the requested documents. In the alternative, MassMutual should be required to produce an appropriate privilege log detailing all documents withheld from production as privileged or constituting attorney work-product.

PROSKAUER ROSE LLP

By: _____
Eben Krim, Esq., BBO #652506
One International Place, 22nd Floor
Boston, Massachusetts 02110
(617) 526-9600
Attorneys for Metropolitan Life Insurance Company

PROSKAUER ROSE LLP
Steven H. Holinstat
1585 Broadway
New York, New York 10036
(212) 969-3000
Attorneys for Metropolitan Life Insurance Company

---

[7] The discovery end date in the related matter pending in the Southern District of New York is June 17, 2005. Accordingly, MetLife respectfully requests that MassMutual be required to produce said privilege log on an expedited basis in order that MetLife be able to comply with this discovery deadline.

7