UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------x
In re: MASSMUTUAL FINANCIAL GROUP and : Miscellaneous Business Docket
MML INVESTOR SECURITIES, INC.         : No.: _____
                                      :
                                      :   **05MBD 10172**
                                      :
                                      :   DECLARATION OF
                                      :   **STEVEN H. HOLINSTAT**
                                      :
---------------------------------------x


---------------------------------------x
YECHOUDA EINHORN, SARAH MANDEL,        :
DAVID LEBOVITZ, SIDNEY REISS,          :
ABRAHAM PASKESZ, ISAAC LEBOVITZ and    :   Related Foreign Case
BERNARD MOSKOVITS,                     :   Civil Action No.: 03-CIV-08396 (KMK)
                                       :
        Plaintiffs,                    :   United States District Court
    vs.                                :   Southern District of New York
                                       :
METROPOLITAN LIFE INSURANCE            :
COMPANY,                               :
        Defendant.                     :
---------------------------------------x

STEVEN H. HOLINSTAT, declares under penalty of perjury:

1.  I am an associate at the law firm of Proskauer Rose LLP, attorneys for Defendant Metropolitan Life Insurance Company ("MetLife"), in the matter of *Yechouda Einhorn, et al. v. Metropolitan Life Insurance Company*, Civil Action No. 03-CIV-08396 (KMK), pending in the United States District Court for the Southern District of New York. I am fully familiar with the facts set forth herein.

2. I submit this declaration in support of MetLife's motion to enforce subpoenas served on non-parties MassMutual Financial Group ("MassMutual") and MML Investors Services, Inc. ("MMLISI") and to compel them to produce documents responsive to the subpoenas pursuant to Federal Rules of Civil Procedure 37 and 45 and Local Rule 37.1.

3. The Plaintiffs in the Southern District of New York action allege that they there were discriminated against by MetLife on the basis of their religion (*i.e.*, because they were Hasidic Jews). In particular, Plaintiffs contend that MetLife conducted an audit that targeted only Hasidic Jews for conduct that was engaged in by many other non-Hasidic Jewish employees of MetLife and made discriminatory decisions based on the results of the audit.

4. In response to MetLife's defense that it had legitimate, non-discriminatory reasons for investigating Plaintiffs' sales practices and, in some cases, terminating Plaintiffs' employment, some of the Plaintiffs have alleged that their subsequent employer, MassMutual, also investigated Plaintiffs' sales practices and "cleared" them of any wrongdoing.

5. Accordingly, MetLife served subpoenas, issued from the District of Massachusetts, on MassMutual and on MassMutual's broker-dealer, MMLISI, which companies are located in Boston, Massachusetts. The subpoenas were served on these companies on or about February 18, 2005 and on or about February, 28, 2005, respectively. Attached hereto as Exhibits A and B are true and accurate copies of the subpoenas served on MassMutual and MMLISI.

6. These subpoenas sought documents concerning Plaintiffs' employment with MassMutual and MMLISI and sought all documents concerning any "internal or external investigations of any of the Plaintiffs." (*See* Exhibits A & B)

2

EXHIBIT A

# United States District Court

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YECHOUDA EINHORN, SARAH MANDEL, DAVID LEBOVITZ, SIDNEY REISS, ABRAHAM PASKESZ, ISAAC LEBOVITZ, and BERNARD MOSKOVITS | **SUBPOENA IN A CIVIL CASE** |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | CIVIL ACTION NO.: 03-CIV-08396 (KMK) (Pending in the Southern District of New York) |

| TO: | Mass Mutual Financial Group<br>1295 State Street<br>Springfield, MA 01111 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
    See Appendix A attached hereto.

| PLACE | Proskauer Rose LLP<br>One International Place<br>14th Floor<br>Boston, MA 02110<br>Attn: Kimberly A. Mottley, Esq. | DATE AND TIME<br>March 8th, 2005 at 10 a.m. |
|---|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*/s/ Kimberly A. Mottley*<br>Kimberly A. Mottley, Esq., Attorney for Defendant | DATE<br>February 18, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Kimberly A. Mottley, Esq. (617) 526-9616<br>Proskauer Rose LLP, One International Place, Boston, MA 02110 | DATE AND TIME<br>February 18, 2005 |

*(See Rule 45. Federal Rules of Civil Procedure. Parts C & D Below)*

## PROOF OF SERVICE

| | DATE | PLACE | Mass Mutual Financial Group<br>1295 State Street<br>Springfield, Ma. 01111 |
|---|---|---|---|
| SERVICE | 2/18/05 | | |

| SERVED ON (PRINT NAME) | Gina Ferraro | MANNER OF SERVICE | In Hand |
|---|---|---|---|
| SERVED BY (PRINT NAME) | B. Keith Wheeler | TITLE | Process Server |

Rx Date/Time  FEB-18-2005(FRI) 12:44    16175269899          Page 5 of 15     P. 008
02/18/2005   12:56    16175269899          PROSKAUER ROSE LLP               PAGE  08

Case 1:05-cv-10052-RBC   Document 4   Filed 02/18/2005

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___2/18/05___
             DATE

_____
SIGNATURE OF SERVER

6 Beacon Street, Suite 825, Boston, Ma
_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial, be commanded to travel from any such place within the state in which the trial is held, or
  (iii) required disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA
 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to production as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### DOCUMENTS TO BE PRODUCED BY MASS MUTUAL FINANCIAL GROUP

1. All documents concerning the potential hiring of Yechouda Einhorn, Sarah Mandel, David Lebovitz, Sidney Reiss, Abraham Paskesz, Isaac Lebovitz or Bernard Moskovits (collectively the "Plaintiffs") by you, including without limitation, resumes, interview notes, background checks, internal memoranda, correspondence between you and any Plaintiff, etc.

2. All documents concerning the employment of any of the Plaintiffs by you, including without limitation, (a) performance evaluations, (b) personnel files, (c) correspondence or memos concerning any Plaintiff, (d) correspondence between you and any Plaintiff, (e) complaints by customers, co-workers or management and the resolution thereof, and (f) internal or external investigations of any of the Plaintiffs.

3. All documents concerning the termination of any of the Plaintiffs, including without limitation, documents reflecting the reason for such termination.

4. All documents concerning the monetary and non-monetary compensation provided to or on behalf of any of the Plaintiffs. Such non-monetary compensation would include insurance, fringe benefits, etc.

### Definitions

A. As used in Appendix A of this Subpoena, the term "documents" means writings of any type, all other data compilations from which information can be obtained, and any other means of preserving thoughts or expression, however produced or reproduced. Designated documents are to be taken as including all attachments, exhibits, enclosures, appendixes and other documents that relate to or refer to such designated documents. The enumeration of various specific items as included within the word "document" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

B. As used in Appendix A of this Subpoena, the term "concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

C. As used in Appendix A of this Subpoena, the term "communication" means any act or instance of transferring, transmitting, passing, delivering or giving information, in the form of facts, ideas, inquiries, or otherwise, by oral, written, electronic, or any other means.

EXHIBIT "B"

# United States District Court

## DISTRICT OF MASSACHUSETTS

| YECHOUDA EINHORN, SARAH MANDEL, DAVID LEBOVITZ, SIDNEY REISS, ABRAHAM PASKESZ, ISAAC LEBOVITZ, and BERNARD MOSKOVITS | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | CIVIL ACTION NO.: 03-CIV-08396 (KMK) (Pending in the Southern District of New York) |

| TO: | MML Investors Services, Inc. |
|---|---|
| | Attn: Steven Sampson<br>1414 Main Street, 10th Floor<br>Springfield, MA 01144 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See Appendix A attached hereto.

| PLACE | Proskauer Rose LLP<br>One International Place<br>14th Floor<br>Boston, MA 02110<br>Attn: Kimberly A. Mottley, Esq. | DATE AND TIME<br>March 8th, 2005 at 10 a.m. |
|---|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*<br>Kimberly A. Mottley, Esq., Attorney for Defendant | DATE<br>February 18, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Kimberly A. Mottley, Esq. (617) 526-9616<br>Proskauer Rose LLP, One International Place, Boston, MA 02110 | DATE AND TIME<br>February 18, 2005 |

*(See Rule 45, Federal Rules of Civil Procedure, Parts C & D Below)*

## PROOF OF SERVICE

| | DATE | | PLACE | MML InVestors Services, Inc.<br>1414 Main Street 10th Floor<br>Springfield, Ma. 01144 |
|---|---|---|---|---|
| SERVICE | 2/28/05 | | | |

| SERVED ON (PRINT NAME) | Robert S. Rosenthal | MANNER OF SERVICE | In Hand |
|---|---|---|---|
| SERVED BY (PRINT NAME) | B. Keith Wheeler | TITLE | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___2/18/05___  
DATE

_____  
SIGNATURE OF SERVER

6 Beacon Street, Suite 825, Boston, MA  
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial, be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to production as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

## DOCUMENTS TO BE PRODUCED BY MML INVESTORS SERVICES, INC.

1. All documents concerning the potential hiring of Yechouda Einhorn, Sarah Mandel, David Lebovitz, Sidney Reiss, Abraham Paskesz, Isaac Lebovitz or Bernard Moskovits (collectively the "Plaintiffs") by you, including without limitation, resumes, interview notes, background checks, internal memoranda, correspondence between you and any Plaintiff, etc.

2. All documents concerning the employment of any of the Plaintiffs by you, including without limitation, (a) performance evaluations, (b) personnel files, (c) correspondence or memos concerning any Plaintiff, (d) correspondence between you and any Plaintiff, (e) complaints by customers, co-workers or management and the resolution thereof, and (f) internal or external investigations of any of the Plaintiffs.

3. All documents concerning the termination of any of the Plaintiffs, including without limitation, documents reflecting the reason for such termination.

4. All documents concerning the monetary and non-monetary compensation provided to or on behalf of any of the Plaintiffs. Such non-monetary compensation would include insurance, fringe benefits, etc.

### Definitions

A. As used in Appendix A of this Subpoena, the term "documents" means writings of any type, all other data compilations from which information can be obtained, and any other means of preserving thoughts or expression, however produced or reproduced. Designated documents are to be taken as including all attachments, exhibits, enclosures, appendixes and other documents that relate to or refer to such designated documents. The enumeration of various specific items as included within the word "document" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

B. As used in Appendix A of this Subpoena, the term "concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

C. As used in Appendix A of this Subpoena, the term "communication" means any act or instance of transferring, transmitting, passing, delivering or giving information, in the form of facts, ideas, inquiries, or otherwise, by oral, written, electronic, or any other means.

EXHIBIT C

# ECKERT SEAMANS

Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110

TEL 617 342 6800
FAX 617 342 6899
www.eckertseamans.com

Edward S. Rooney, Jr.
617.342.6863
erooney@eckertseamans.com

**VIA FEDERAL EXPRESS**

March 17, 2005

Steven H. Holinstat, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

Re: **Einhorn, et al. v. Metropolitan Life Insurance Company – Subpoena to MassMutual Financial Group to Produce Records**

Dear Attorney Holinstat:

As you know, this office represents MassMutual Financial Group (MassMutual) with reference to its response to the subpoena served by your office on behalf of defendant Metropolitan Life Insurance Company in connection with the above-entitled case.

Enclosed is the Response and Objections of MassMutual Financial Group to the Met Life subpoena.

Also enclosed are copies of the documents that are being produced by MassMutual at this time in response to the Met Life subpoena. As you can see, some of the documents have been produced by Massachusetts Mutual Life Insurance Company, and some documents have been produced by MassMutual's Broker-Dealer, MML Investors Services, Inc. (MMLISI). In accordance with the "Response and Objections", some of these documents have been redacted.

As soon as other documents become available, they will be produced, subject to MassMutual's "Response and Objections".

Very truly yours,

*E. S. Rooney Jr.*

Edward S. Rooney, Jr.

ESR/me
Enclosures

**CONFIDENTIAL**
**MASSM 0001**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YECHOUDA EINHORN, SARAH MANDEL, DAVID LEBOVITZ, SIDNEY REISS, ABRAHAM PASKEESZ, ISAAC LEBOVITZ and BERNARD MOSKOVITS,<br>Plaintiffs<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br>Defendant | CIVIL ACTION<br>NO. 03-CIV-08396 (KMK)<br><br>(Pending in the Southern District of New York) |

### RESPONSE AND OBJECTIONS OF MASSMUTUAL FINANCIAL GROUP TO SUBPOENA OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY

Pursuant to Fed. R. Civ. P. 45 (c) and (d), MassMutual Financial Group ("MassMutual") responds as follows to the Subpoena and Attachment A dated February 18, 2005 served upon it in connection with the above-entitled action:

GENERAL RESPONSE – Subject to the following objections, MassMutual agrees to produce, at a mutually convenient time and place, the documents that are being requested.

OBJECTION – With respect to the documents requested in paragraph 2(f) of Attachment A to the Subpoena, consisting of "internal or external investigations of any of

{K0299244.1}

**CONFIDENTIAL**
**MASSM 0002**

the Plaintiffs," MassMutual objects, on the basis of the attorney-client privilege or attorney work-product, to producing any documents "concerning", as that term is defined in the "Definitions" of the Subpoena, a certain investigation conducted under the supervision and control of the MassMutual Law Department into the sales activities of some of the named Plaintiffs while acting as agents or brokers for MassMutual. To the extent that this investigation encompassed "complaints by customers, co-workers or management and the resolution thereof," as requested in paragraph 2 (e) of Attachment A to the Subpoena, MassMutual asserts the same objection to the production of any such documents.

OBJECTION – With respect to all of the documents requested in Attachment A to the Subpoena, MassMutual objects to disclosing any information concerning individuals who are current or former policyholders of MassMutual, or who were solicited to purchase MassMutual products, in order to protect the privacy interests of these individuals. Any such information concerning these individuals will be redacted from any documents that are produced.

MASSMUTUAL FINANCIAL GROUP

By its attorneys,

*E. S. Rooney Jr.*
Edward S. Rooney, Jr.
BBO No. 426840
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110
(617) 342-6800

{K0299244.1}  2

**CONFIDENTIAL**
**MASSM 0003**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for defendant Metropolitan Life Insurance Company by over-night delivery this 17th day of March, 2005.

_____
Edward S. Rooney, Jr.